Rosario, Recurrente, *v.* El Registrador de San Juan, Sección Primera, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª., denegando la subsanación de un defecto.

No. 270.—Resuelto en marzo 24, 1916.

Cancelación de Hipoteca—Poderes—Fecha Posterior—Efecto Retroactivo—Defecto Subsanable.—En este recurso el registrador consignó en su nota el defecto subsanable de no acreditarse el carácter y facultades de un apoderado para la cancelación de cierta hipoteca. Para subsanar este defecto el

recurrente presentó una escritura de ratificación y poder otorgada por la mandante. El registrador no estimó subsanado el defecto por ser el poder presentado de fecha posterior a la de la escritura de cancelación y no ratificarse ésta expresamente. ─*Se resolvió*, revocando la nota recurrida, que aún cuando el poder fuera de fecha posterior a la de la escritura de cancelación, por él ratifica la mandante los actos y contratos anteriores de su apoderado y da efecto retroactivo a las facultades otorgadas al mismo, y que la cancelación de que se trata debe surtir efectos legales desde su fecha, sin necesidad de nueva escritura.

Los hechos están expresados en la opinión.

El peticionario compareció en nombre propio.

El registrador recurrido, Sr. José S. Belaval, también compareció en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública de 6 de agosto de 1915, Robert Kerr vendió a José Ezequiel Rosario Santiago un solar con superficie de 449 metros, 56 centímetros cuadrados, radicado en el sitio del Machuchal, barrio de Santurce, término municipal de esta ciudad, que segregó de otro de su propiedad de mayor cabida, hipotecado a favor de Alice Basanta, para garantir cierto crédito hipotecario por los esposos Dooley de quienes Kerr había adquirido el solar con la hipoteca que lo gravaba, habiendo comparecido al otorgamiento de la escritura de que se deja hecho mérito Albert E. Lee como apoderado de Alice Basanta y cancelado la hipoteca en la parte que afectaba al solar segregado.

Presentada dicha escritura en el registro para la inscripción de la venta y cancelación de la hipoteca, el registrador accedió a ello según nota de 19 de agosto de 1915, pero consignando en cuanto a la cancelación los defectos subsanables de no acreditarse el carácter y facultades de Albert E. Lee y no haberse presentado la escritura de constitución de hipoteca.

Para subsanar ambos defectos, presentó el recurrente la escritura de constitución de hipoteca otorgada en 22 de julio de 1914 por los esposos Dooley a favor de Alice Basanta, y otra escritura de "ratificación y poder" otorgada en la ciu-

dad de New York el 22 de diciembre de 1915 por Alice Basanta a favor de Albert E. Lee.

El registrador estimó subsanado el defecto consignado en su nota de 19 de agosto, 1915, de no haberse presentado la escritura de constitución de hipoteca, y no el otro defecto de falta de justificación del carácter y facultades del apoderado Albert E. Lee, porque el poder presentado era de fecha posterior a la de la escritura de 6 de agosto de 1915, y no se ratificaba expresamente la cancelación, como así lo hizo constar en nota de 28 de febrero de 1916, que ha sido recurrida por José Ezequiel Rosario Santiago para ante esta Corte Suprema.

El recurrente alega que con la simple lectura de la escritura de poder de 22 de diciembre de 1915, podría apreciar esta corte que dicho documento contiene con efecto retroactivo facultades expresas bastantes para ejercitar actos de riguroso dominio y que la escritura de cancelación otorgada por el apoderado en 6 de agosto de 1915 fué ratificada por la poderdante. Examinemos aquella escritura.

En la cláusula primera de ese documento afirma Alice Basanta haber otorgado en el año anterior poder general a favor de Albert E. Lee, cuyo poder, según se le informó, había sufrido extravío. En la cláusula segunda ratifica y confirma cualquier acto y contrato que su apoderado Lee hubiere celebrado anteriormente en representación de ella, especialmente cualquier escritura de hipoteca pendiente de registro por falta de poder o por no haberse podido exhibir el ya conferido, y autoriza al mandatario para obtener la inscripción de cualquier escritura que como tal mandatario hubiere firmado y firme, pues para ello consiente expresamente cual si el acto o contrato hubiere sido realizado por ella o con poder bastante en nombre de ella. En la cláusula 4ª. antoriza con efecto retroactivo a Albert E. Lee para dar dinero a préstamo con garantía hipotecaria, cobrando y percibiendo el principal y los intereses en su caso, y dando recibos, cartas de pago y cancelaciones totales y parciales, o ejecutando las hipotecas que

también puede sub-hipotecar, ceder, gravar, permutar, liberar en todo o en parte los bienes que las reconocen, y firmar las escrituras y documentos públicos y privados, precisos y convenientes.

Como se ve, Alice Basanta, al otorgar la escritura de 22 de diciembre de 1915, se propuso no solamente dar poder a Albert E. Lee para el futuro con la extensión que el documento revela, sino que fué su intención, además, convalidar los actos y contratos que anteriormente había ejecutado en su nombre Albert E. Lee, con poder que, según se le informó, había sufrido extravío; y a ese fin la Basanta ratifica expresamente en términos generales cualquier acto y contrato que su apoderado Lee hubiera celebrado antes del otorgamiento de la escritura de 22 de diciembre de 1915, otorga su consentimiento para obtener la inscripción en el registro de cualquier escritura que Lee hubiere firmado en su nombre como si el acto o contrato hubiere sido realizado por ella o con poder bastante en nombre de la misma, y da efecto retroactivo a facultades que otorga a Lee en el nuevo poder, entre otras para librar en todo o en parte los bienes que garanticen hipotecas constituídas a su favor. La frase *con efecto retroactivo* no puede tener otra significación que la de suplir o subsanar el defecto de que pudieran adolecer los actos o contratos otorgados anteriormente por Lee con ejercicio del poder extraviado.

Entendemos que la cancelación de que se trata, debe surtir efectos legales, sin necesidad de nueva escritura de ratificación por la mandante o por el mandatario, desde su fecha, o sea desde el otorgamiento de la escritura de 6 de Agosto de 1915, por exigirlo así la intención de la otorgante Alice Basanta, manifestada por modo indudable en la escritura de 22 de diciembre de 1915. No importa que el poder presentado sea de fecha posterior a la de la escritura de cancelación, pues como hemos dicho, por ese poder ratifica Alice Basanta los actos y contratos anteriores de su apoderado y da efecto retroactivo a las facultades otorgadas al mismo.

Es de revocarse la nota del Registrador de la Propiedad de San Juan, Sección 1ª., de 28 de febrero del corriente año, en la parte en que ha sido recurrida.

*Revocada la nota en la parte recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.